IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JOY SHIELDS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) |
| **SCHNEIDER NATIONAL** | ) |
| **CARRIERS, INC.** | ) |
| Registered Agent: | ) |
| CT Corporation System | ) |
| 120 S. Central Ave., #400 | ) |
| Clayton, MO 63105 | ) |
| | ) |
| And | ) |
| | ) |
| **CHARLES THOMPSON** | ) |
| 1327 Gerber Woods Dr. | ) |
| Edwardsville, IL 62025 | ) |
| | ) |
| Defendants, | ) |

## COMPLAINT

COMES NOW, PLAINTIFF, JOY SHIELDS, and for her cause of action against DEFENDANTS, SCHNEIDER NATIONAL CARRIERS, INC. and CHARLES THOMPSON states to the Court as follows:

### Preliminary Statement

This action seeks compensatory damages for acute injuries suffered by PLAINTIFF, JOY SHIELDS, on May 20, 2015, when she was operating her motor vehicle on Interstate 44 at or near Greene County, State of Missouri. The PLAINTIFF suffered severe physical and psychological injuries when the vehicle in which she was operating was struck and/or forced off of the road by a vehicle owned by DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC. and being operated by DEFENDANT CHARLES THOMPSON when it crossed into her lane of

travel.

**Jurisdiction**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between PLAINTIFF and the DEFENDANS and the amount in controversy exceeds $75,000.00.

**Venue**

2. Venue of this action properly lies in the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred within this district.

**Parties**

3. Plaintiff, JOY SHIELDS (hereinafter "**PLAINTIFF**") is a resident of Benton County, State of Arkansas.

4. Defendant CHARLES THOMPSON, (hereinafter "**DEFENDANT THOMPSON**") is a resident of Madison County, State of Illinois, who was transacting and conducting commercial activities within the State of Missouri on behalf of DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC. at the time of the crash described herein.

5. DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC., (hereinafter "**DEFENDANT SCHNEIDER**") is a citizen and foreign company incorporated in the State of Wisconsin, with a principal place of business in the State of Wisconsin that conducts business in the State of Missouri among other states, which was, by and through its employee DEFENDANT THOMPSON, transacting and conducting commercial activities within the State of Missouri at the time of the crash described herein.

**COUNT I – DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC. - NEGLIGENCE**

Comes now PLAINTIFF, and for her cause of action against DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC., states as follows:

6. PLAINTIFF adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-5 above.

7. On or about May 20, 2015, DEFENDANT SCHNEIDER'S agent, servant and/or employee while acting within the scope of his employment was traveling westbound on Interstate 44, in Greene County, State of Missouri, and caused and permitted his commercial vehicle to strike PLAINTIFF'S vehicle and/or force PLAINTIFF'S vehicle off the road by causing his commercial vehicle to come into PLAINTIFF'S lane of travel, resulting in injuries to PLAINTIFF which were the direct and proximate result of the carelessness and negligence of DEFENDANT SCHNEIDER.

8. The crash occurred on Interstate 44 traveling westbound as a direct result of the negligence of DEFENDANT SCHNEIDER, acting through its agents, servants or employee, individually or in combination, in one or more of the following respects:

    a) Its driver was inattentive to the roadway;

    b) Is driver carelessly and negligently failed to keep his truck within his lane of travel;

    c) Its driver carelessly and negligently drove his truck in PLAINTIFF'S lane of travel;

    d) Its driver carelessly and neglectfully allowed his commercial vehicle to strike the vehicle PLAINTIFF was operating;

    e) Its driver carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding the vehicle PLAINTIFF was operating;

    f)     Its driver failed to control the commercial vehicle;

    g)     Its driver carelessly and negligently operated his commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

    h)     Its driver carelessly and negligently failed to exercise ordinary care to keep a lookout to the front and laterally so as to discover the vehicle PLAINTIFF was operating;

    i)     It entrusted its driver to operate its commercial vehicle when it knew or should have known that he had an unsafe past while operating motor vehicles;

    j)     It failed to train its driver in the safe operation of commercial vehicles;

    k)     It retained DEFENDANT THOMPSON as a driver when it knew or should have known of his unsafe past while operating motor vehicles;

    l)     It hired DEFENDANT THOMPSON without performing an adequate investigation of his driving history;

9.     DEFENDANT SCHNEIDER acting through its agents, servants or employee, individually or in combination, owed a duty of care to members of the general public, including PLAINTIFF, while using the public roadways on or about May 20, 2015.

10.     That as a direct and proximate result of the negligence and carelessness of DEFENDANT SCHNEIDER, as aforesaid, PLAINTIFF'S, neck, back and head, were seriously bruised, contused, swollen, aggravated, ruptured, mashed, wrenched, narrowed, compressed, subluxed, abraded, dislocated, strained, sprained and rendered stiff, sore and painful; that PLAINTIFF suffered, suffers and will in the future continue to suffer great physical and emotional pain; that the function of all of the said area and parts of PLAINTIFF'S body has been and will in the future be greatly impaired and diminished, and that all of the PLAINTIFF'S injuries, effects and results thereof are permanent and progressive.

11. That as a direct and proximate result of the negligence and carelessness of DEFENDANT SCHNEIDER, PLAINTIFF has to date incurred medical expenses in sums not yet determined which sums for medical expenses may increase and lost wages in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future.

**WHEREFORE**, PLAINTIFF JOY SHIELDS prays for judgment against DEFENDANT**,** SCHNEIDER NATIONAL CARRIERS, INC., for her costs incurred and for such other relief as the Court deems just and proper.

**COUNT II – DEFENDANT CHARLES THOMPSON – NEGLIGENCE**

Comes now PLAINTIFF, and for her cause of action against DEFENDANT CHARLES THOMPSON, states as follows:

12. PLAINTIFF adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-11 above.

13. On or about May 20, 2015, DEFENDANT SCHNEIDER'S agent, servant and/or employee DEFENDANT THOMPSON while acting within the scope of his employment was traveling westbound on Interstate 44, Greene County, State of Missouri, and caused and permitted his commercial vehicle to strike PLAINTIFF'S vehicle and/or force PLAINTIFF'S vehicle off of the road by causing his commercial vehicle to come into PLAINTIFF'S lane of travel, resulting in injuries to PLAINTIFF which were the direct and proximate result of the carelessness and negligence of DEFENDANT SCHNEIDER'S agent, servant and/or employee DEFENDANT THOMPSON while acting within the scope of his employment.

14. The crash occurred on Interstate 44 as a direct result of the negligence of DEFENDANT THOMPSON, acting as agent, servant and/or employee within the scope of his employment with DEFENDANT SCHNEIDER, individually or in combination, in one or more of the following respects:

    a)      DEFENDANT THOMPSON was inattentive to the roadway;

    b)      DEFENDANT THOMPSON carelessly and negligently failed to keep his truck within his lane of travel;

    c)      DEFENDANT THOMPSON carelessly and negligently drove his truck into PLAINTIFF'S lane of travel;

    d)      DEFENDANT THOMPSON carelessly and neglectfully allowed his commercial vehicle to strike the side of the vehicle PLAINTIFF was operating;

    e)      DEFENDANT THOMPSON carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with the vehicle PLAINTIFF was operating;

    f)      DEFENDANT THOMPSON failed to control the commercial vehicle;

    g)      DEFENDANT THOMPSON was carelessly and negligently operated his commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

    h)      DEFENDANT THOMPSON carelessly and negligently failed to exercise ordinary care to keep a lookout to the front and laterally so as to discover the vehicle PLAINTIFF was operating;

15. DEFENDANT THOMPSON, acting as agent, servant and/or employee within the scope of his employment with DEFENDANT SCHNEIDER, individually or in combination, owed a duty of care to members of the general public, including PLAINTIFF, while using the public roadways on or about May 20, 2015.

16. As a direct and proximate result of the negligence and carelessness of DEFENDANT THOMPSON acting within the scope of his employment, as aforesaid, PLAINTIFF'S back, neck, and spine, were seriously bruised, contused, swollen, aggravated, ruptured, mashed, wrenched, narrowed, compressed, subluxed, abraded, dislocated, strained, sprained and rendered stiff, sore and painful; that PLAINTIFF suffered, suffers and will in the future continue to suffer great physical pain; that the function of all of the said area and parts of PLAINTIFF'S body has been and will in the future be greatly impaired and diminished, and that all of the PLAINTIFF'S injuries, effects and results thereof are permanent and progressive.

17. That as a direct and proximate result of the negligence and carelessness of DEFENDANT THOMPSON, PLAINTIFF has to date incurred medical expenses in sums not yet determined which sums for medical expenses may increase and lost wages in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future.

## COUNT III- VICARIOUS LIABILITY
## SHIELDS V. SCHNEIDER

18. PLAINTIFF incorporates and re-alleges paragraphs 1-17 as if fully set forth herein.

19. That at all times relevant herein, DEFENDANT THOMPSON'S actions were done within the scope of his employment with DEFENDANT SCHNEIDER and were done as a means of carrying out the job assigned to him by DEFENDANT SCHNEIDER.

**WHEREFORE**, PLAINTIFF prays for the Court to enter Judgment against DEFENDANT SCHNEIDER in such an amount as is fair and reasonable in excess of $75,000.00, for her costs herein incurred, pre-judgment interest, and for any such other and further relief as this Court may deem just and proper.

### COUNT IV- NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION: SHIELDS V. SCHNEIDER

20. PLAINTIFF incorporates and re-alleges paragraphs 1-19 above as if fully set forth herein.

21. That DEFENDANT SCHNEIDER owed a duty to PLAINTIFF to use reasonable care in the hiring, training, supervision and retention of employee DEFENDANT THOMPSON in full compliance with the Federal Motor Carrier Regulations.

22. Pursuant to the Federal Motor Carrier Safety Regulations, DEFENDANT SCHNEIDER owed the general public, including the PLAINTIFF, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

    a. Adequately evaluate performance, including through training and supervision, so as to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he/she injured the public or property;

    b. Properly screen its applicants;

    c. Obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle pursuant to 49 C.F.R. § 391.21;

    d.    Investigate the agents, servants, and/or employee's driver employment record during the preceding three years by all reasonable means pursuant to 49 C.F.R. § 391.23(a)(2), 391.23(c); and

    e.    Inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins pursuant to 49 C.F.R. § 391.23(a);

    f.    Properly certify its driver under 49 C.F.R. § 380.203 for the operation of LCV doubles in compliance with 49 C.F.R. §380.111; and

    g.    Properly evaluate a driver's performance for operation of LCV doubles through testing in accordance with 49 C.F.R. §380.109.

23.    DEFENDANT SCHNEIDER'S duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general public, including PLAINTIFF, from the unsafe operation of commercial motor vehicles.

24.    DEFENDANT SCHNEIDER breached its duty to the general public, including the PLAINTIFF and was thereby negligent and careless in the hiring, training, supervising, and retaining DEFENDANT THOMPSON as its agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash in the following respects:

    a.    Failed to make a reasonable inquiry as to DEFENDANT THOMPSON'S competence as a tractor trailer operator;

    b.    Selected an incompetent and unfit driver;

    c.    Failed to select a competent and fit driver;

d. Hired and retained an unsafe and unqualified driver;

e. Hired and retained an inadequately trained and incompetent driver;

f. Allowed DEFENDANT THOMPSON to operate a defective trailer;

g. Allowed DEFENDANT THOMPSON to operate an unsafe trailer;

h. Entrusted the tractor and trailers to an incompetent driver;

i. Entrusted its tractor and trailers to a driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent driver;

j. Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, Section 395;

k. DEFENDANT SCHNEIDER failed to properly train DEFENDANT THOMPSON in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of the tractor and trailer involved in this crash;

l. Failed to adequately evaluate DEFENDANT THOMPSON'S performance through training and supervision, and failure to discharge DEFENDANT THOMPSON before he injured PLAINTIFF;

m. Failed to properly screen DEFENDANT THOMPSON as a qualified driver;

n. Failed to obtain a completed employment application before permitting DEFENDANT THOMPSON to drive its commercial motor vehicle pursuant to 49 C.F.R. § 391.21;

o. Failed to investigate DEFENDANT THOMPSON'S driver's employment

10

    record during the preceding three years by all reasonable means pursuant to 49 C.F.R. § 391.23(a)(2), 391.23(c);

p.  Failed to inquire into DEFENDANT THOMPSON'S driving record within 30 days after his employment began pursuant to 49 C.F.R. § 391.23(a);

q.  DEFENDANT SCNEIDER failed to properly instruct and train DEFENDANT THOMPSON how to properly and safely operate the tractor and trailer involved in this crash, in particular LCV doubles in accordance with 49 CFR §380.203, §380.111 and 380.109;

r.  DEFENDANT SCHNEIDER failed to provide safety courses to its agents, servants, and employees on how to safely operate the tractor and trailer involved in this crash;

s.  At the time of this crash, DEFENDANT SCHNEIDER failed to have in place a system to keep track of the on-duty status or otherwise audit the on-duty status records of DEFENDANT THOMPSON and its other employees that operate its vehicles in interstate commerce to ensure that they did not violate the limitations of the "Hours of Service Limitations" set forth in 49 C. F.R., Part 395;

t.  Failing to verify and audit DEFENDANT THOMPSON'S driving logs to ensure compliance with the hours of service limitations set forth under 49 C.F.R., Part 395;

u.  Permitting and/or failing to prevent DEFENDANT THOMPSON from

     operating motor vehicles for periods in excess of industry standards for maximum hours of service;

 v. Requiring, permitting, and/or failing to prevent DEFENDANT THOMPSON from operating the tractor and trailer when he was so impaired, or likely to become impaired, through fatigue, as to make it unsafe for him to begin or continue to operate their vehicles; and

 w. Failed to require DEFENDANT THOMPSON to advise the dispatcher of his current duty status so as to prevent him from being dispatched when, due to likely fatigue, it was unsafe to do so.

25. As a direct and proximate cause of DEFENDANT SCHNEIDER'S above stated negligence, PLAINTIFF sustained damages as more fully stated above.

26. The actions and omissions of DEFENDANT SCHNEIDER relating to this crash were willful, wanton, reckless and intentional, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including PLAINTIFF.

27. DEFENDANT SCHNEIDER'S willful, wanton, reckless and intentional behavior, and for DEFENDANT SCHNEIDER'S complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish DEFENDANT'S and to deter others from similar conduct as evidenced by this motor carrier's deficient "Unsafe Driving" rating with the Motor Carrier Safety Measurement System.

**WHEREFORE**, PLAINTIFF prays for the Court to enter Judgment against DEFENDANT SCHNEIDER in such an amount as is fair and reasonable in excess of $75,000.00, for her costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

*Respectfully submitted,*

By: /s/ Patrick T. Hinrichs
Patrick T. Hinrichs, #62953
The Bradley Law Firm
Attorney for Plaintiff
1424 Washington Avenue, Suite 300
St. Louis, MO 63103
T. 314.721.9111
F. 314.206.2304
patrick@thebradleylawfirm.com